UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DONALD WILHELM, | ) |
| Petitioner, | ) ) ) |
| vs. | ) ) Case No. 4:19-cv-00180-JAR |
| UNITED STATES, | ) ) ) |
| Respondent. | ) |

**MEMORANDUM & ORDER**

This matter is before the Court on Petitioner Donald Wilhelm's motion for return of property pursuant to Federal Rule of Criminal Procedure 41(g). (Doc. No. 2). On November 7, 2017, Petitioner pleaded guilty to possession of pseudoephedrine with the intent to manufacture methamphetamine. On February 15, 2018, the Court sentenced Petitioner to 46 months' imprisonment to be followed by a term of two years supervised release. Petitioner appealed his sentence and conviction, and the Eighth Circuit dismissed his appeal on June 7, 2018. *United States v. Wilhelm*, 2018 WL 4355943 (8th Cir. 2018).

On February 4, 2019, Petitioner filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, as well as the instant motion for return of property seeking the return of several firearms confiscated during a search of Petitioner's residence on August 5, 2015. The United States opposes the motion because "[b]y the plain terms of the Plea Agreement, defendant waived any right to bring a motion pursuant to 41(g)." ECF No. 6 at 4.

"After a criminal case is concluded, a property owner may have rights under statutory or common law for return of property wrongfully seized, but he has no right to file a motion in the criminal case for the return of property under Rule 41(g), Federal Rules of Criminal Procedure.

*United States v. Worley*, No. 4:05-CR-309 CAS, 2009 WL 3712061, at *1 (E.D. Mo. Nov. 5, 2009) (citing *United States v. Rapp,* 539 F.2d 1156, 1160 (8th Cir.1976) (discussing former Rule 41(e)). "Postconviction filings for the return of property seized in connection with a criminal case are treated as civil equitable actions, and the district court where the claimant was tried has subject matter jurisdiction, ancillary to its criminal jurisdiction, to hear the equitable matter." *Id*. (citing *Thompson v. Covington,* 47 F.3d 974 (8th Cir. 1995); *see also Ball v. United States*, 193 F.3d 998, 999 (8th Cir. 1999) ("a postconviction motion for return of seized property is treated as a civil equitable action").

Here, Petitioner improperly filed his request for the return of property as a motion in his § 2255 motion. However, it should have been filed as a separate civil action subject. *Worley*, 2009 WL 3712061, at *1.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of the Court is directed to administratively terminate Petitioner's motion for return of property and to docket it as a civil complaint and re-docket the Government's response (Doc. Nos. 6 and 8) in the new case.

Dated this 8th day of April, 2019.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE